UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MARIANN DUNBAR,**

          Plaintiff,

                                                  Case No. 12-C-653

    -vs-

**CAROLYN W. COLVIN,**[1]
**Acting Commissioner of Social Security Administration,**

          Defendant.

---

## DECISION AND ORDER

---

Mariann Dunbar appeals the denial of her claim for disability benefits. Dunbar suffers from bipolar disorder with intermittent psychotic symptoms, in addition to anxiety disorder "not otherwise specified." R. 21. The Administrative Law Judge found that Dunbar was not disabled because she could perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to work involving only simple, routine and repetitive tasks with no interaction with the general public and only occasional interaction with coworkers and supervisors.

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept

---

[1] On February 14, 2013, Carolyn Colvin became Acting Commissioner of Social Security. Pursuant to the Social Security Act and the Federal Rules of Civil Procedure, Carolyn Colvin is automatically substituted as Defendant-Appellee in this suit. 42 U.S.C. §405(g); FED. R. CIV. P. 25(d).

as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ's primary error arose from his analysis of the opinions offered by Dunbar's treating physician, Dr. Kenneth Johnson. First, the ALJ wrote that in his

> psychiatric questionnaire, Dr. Johnson states that the claimant's concentration is so poor and her memory so limited that she cannot even read a book. (Exhibit 10F). Dr. Johnson also opines that the claimant's recurrent lapses and lack of motivation cause the claimant to be unable to function. According to Dr. Johnson, the claimant is also 'very limited' in interests and hobbies. However, Dr. Johnson's opinions as to the claimant's limitations are not supported by his own treatment notes or the record as a whole.

R. 25. One paragraph later, the ALJ wrote that Dunbar's

> activities of daily living, along with the claimant's treatment records also do not support Dr. Johnson's opinion dated January 2010 that the claimant is unable to meet competitive standards in all categories including understanding and remembering very short and simple instructions, maintaining attention for a two hour segment, asking simple questions or following instructions, and a 'complete inability' to remember work-like procedures. In light of the evidence of record, Dr. Johnson's opinion is unsupported and extreme. Therefore, the undersigned gives little evidentiary weight to Dr. Johnson's statements in Exhibits 10F and 13F.

R. 26.

Accordingly, the ALJ considered and rejected some of Dr. Johnson's opinions (stated in Exhibits 10F and 13F), but failed to consider a later opinion, set forth in Exhibit 16F and

dated November 11, 2010. Importantly, this opinion clarifies Dr. Johnson's earlier statements that were rejected by the ALJ, as follows:

> You ask my opinion whether she could work full-time at an easy job. At this time, she would not be able to withstand the stress of full-time work or even working as much as she worked before the end of 2007.
> ...
>
> When I completed the form you sent me last January, I considered whether she could do the activities identified on the form effectively and on a sustained basis and concluded she essentially was unable to meet competitive standards in virtually all areas. This does not mean however, that she is unable to do these things for relatively brief periods, which is shown by her current work schedule. She is bright. Her intelligence helps her to cope. But she is not capable of full-time work of any sort. Her concentration tends to become poor. She would likely have difficulty dealing with coworkers and supervisors, etc.

R. 352-53. An ALJ cannot ignore entire lines of contrary evidence or selectively consider medical reports. *Myles v. Astrue*, 582 F. 3d 672, 678 (7th Cir. 2009); *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009). This matter must be remanded so the ALJ can explicitly consider all of Dr. Johnson's opinions.

Moreover, the Court agrees with the claimant that the ALJ rendered an improper credibility determination by failing to consider the side-effects of her medications, by erroneously finding her non-compliant with treatment, and by misunderstanding the episodic nature of bipolar disorder. In particular, the ALJ erred by focusing only on the times when Ms. Dunbar happens not to be suffering from a "bipolar episode." R. 26. And with respect to treatment, "mental illness in general and bipolar disorder in particular (in part because it may require a complex drug regimen to deal with both the manic and depressive phases of the disease . . .), may prevent the sufferer from taking her prescribed medicines or otherwise

-3-

submitting to treatment. The administrative law judge did not consider this possibility." *Kangail v. Barnhart*, 454 F.3d 627, 630-31 (7th Cir. 2006) (internal citations omitted).

For the foregoing reasons, the ALJ's decision is not supported by substantial evidence in the record. Therefore, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 24th day of April, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**