UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MARIANN E. DUNBAR,**

    Plaintiff,

-vs-                                          Case No. 12-C-653

**CAROLYN M. COLVIN, Acting**
**Commissioner for the Social Security**
**Administration,**

    Defendant.

# DECISION AND ORDER

Plaintiff Mariann E. Dunbar's[1] attorneys, Thomas E. Bush and Fredrick J. Daley, Jr., seek an award of $19,993.48 in attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 27.) The Acting Commissioner takes no position on the motion. (ECF No 29.)

Section 406(b) provides, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." § 406(b)(1)(A) (emphasis added).

---

[1] Because both Mariann and her husband, Neil, are discussed in this Decision, the Court will refer to the Dunbars by given name. No disrespect is intended.

In June 2012, Mariann executed a fee contract with Bush. (Mot. Ex. A, ECF No. 27-1.) In accord with § 406(b), the agreement provided that should Mariann prevail on appeal in federal court, her attorney had the right to request as his fee an amount equal to 25% of any past-due benefits she was awarded.

By an April 24, 2013, Decision and Order, this Court reversed the decision of the Acting Commissioner of the Social Security Administration (SSA) and remanded the matter for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (ECF No. 14.) The $350.00 filing fee was taxed as costs against the Commissioner. (ECF No. 18.) Mariann's attorneys filed a motion for attorney fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Pursuant to an Order approving the parties' stipulation, $5,631.33 in attorney fees was awarded to Bush. (ECF Nos. 19, 20, 25, 26.)

In October 2015, after post-remand proceedings which included two additional administrative hearings, the Commissioner issued a decision fully favorable to Mariann. In March 2016, Mariann was awarded past-due benefits of approximately $80,000. (Notice of Award, 2, ECF No. 27-2.) Twenty five percent of that amount—$19,993.48—was set aside by the Commissioner to pay Mariann's attorney. (*Id.* at 3.)

In December 2015, Neil informed Bush that he and Mariann might object to paying the attorney fee and expenses. In March 2016, Neil informed Bush that the Dunbars would not sign an administrative fee petition and that they had already written to the SSA about the fee. Bush contacted the SSA and was informed that the electronic file did not contain such a letter.

On March 14, 2016, Bush updated Neil via email regarding his contact with the SSA and requested a copy of the Dunbars' letter to file with his fee petition. Bush received no communication from the Dunbars before he filed the instant fee petition on March 24. Bush sent Mariann a copy of the fee petition with a cover letter. Both stated that if she wanted to object the fee petition, she must do so within 21 days of Bush filing the petition.

The net fee award of $19,993.48 sought by Bush does not exceed 25% of Mariann's past due benefits, and Bush states that the previously-awarded EAJA fees will be refunded to Mariann after receipt of the attorney fees granted by this petition.

Section 406(b) "does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review

of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). The upper boundary is the 25% limitation set forth in the statute. Within that boundary, courts have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808.

The requested fee award would result in an hourly rate of $687.30 per hour (the requested amount of $19,993.48 divided by 29.09 attorney hours worked on the case.) This amount exceeds Bush's hourly rate of $350. However, the outcome of this action was extremely favorable to Mariann. Counsel assumed the risk of not being paid for their efforts, which is part of the calculus when these types of agreements are negotiated. "The effective lawyer will not win all of his cases, and any determination of the reasonableness of his fees in those cases in which his client prevails must take account of the lawyer's risk of receiving nothing for his services. Charges on the basis of a minimal hourly rate are surely inappropriate for a lawyer who has performed creditably when payment of any fee is so uncertain." *McGuire v. Sullivan,* 873 F.2d 974, 980 (7th Cir. 1989) (citation omitted). Under these circumstances, the requested fee award in this case is reasonable, and the Court will not upset the

negotiated fee agreement.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The motion for attorney's fees (ECF No. 27) is **GRANTED**. Attorneys Bush and Daley are awarded $19,993.48 in fees.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2016.

                                        **BY THE COURT:**

                                        _____
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**